IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.   1:16-CR-44 (TJM) |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| JOHN STACCIO, | |
| Defendant. | |

_____

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose an appropriate sentence on defendant John Staccio ("Defendant"), as further set forth below.

**1.    Introduction and Factual Background**

On October 31, 2016, pursuant to a plea agreement, the Defendant pled guilty to Counts 1 and 2 of the Indictment in Case No. 1:16-CR-44 (TJM), charging him respectively with aggravated identity theft, in violation of 18 U.S.C. § 1028A, and passport fraud, in violation of 18 U.S.C. § 1542.   The Defendant is not in custody, and is scheduled to be sentenced on March 13, 2017 in Albany, New York.

The United States adopts the facts as set forth in the Presentence Investigation Report ("PSIR") prepared by the United States Probation Office on February 21, 2017.   PSIR ¶¶ 8-28.

**2.    Statutory Punishment**

  a)  **Maximum term of imprisonment:**

    (1) Count 1:    2 years, pursuant to 18 U.S.C. §§ 1028A;

  (2) Count 2: 10 years, pursuant to 18 U.S.C. § 1542.

 b) **Minimum term of imprisonment:**

  (1) Count 1: 2 years, to run consecutive to any term of imprisonment to be imposed for Count 2, pursuant to 18 U.S.C. §§ 1028A(a)(1) and (b)(2);

  (2) Count 2: None.

 c) **Maximum fine:** Counts 1 and 2: $250,000, pursuant to 18 U.S.C. § 3571(b)(3).

 d) **Supervised release term:** In addition to imposing any other penalty, the sentencing court may require the defendant to serve a term of supervised release of up to 3 years, to begin after imprisonment. *See* 18 U.S.C. § 3583. A violation of the conditions of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment of up to 2 years.

**3.** **Guidelines Provisions**

  The government agrees with the PSIR's conclusion that the total offense level is 10, and the calculations that support that conclusion, inclusive of credit for acceptance of responsibility. *See* PSIR ¶ 39. The government also agrees with the PSIR's conclusion that the defendant falls into criminal history category I. *See* PSIR ¶ 45. However, because the defendant is subject to a mandatory, consecutive sentence of two years on Count 1, the guidelines imprisonment range of 6-12 months on Count 2 is added to the two year sentence on Count 1 for a total guidelines range of 30-36 months. On Count 2, the minimum term may be satisfied by a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in U.S.S.G. § 5C1.1(e). *See* U.S.S.G. § 5C1.1(c).

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all the information before the Court, the United States respectfully requests an appropriate term of incarceration as required by statute. The nature and circumstances of the offense merit such a sentence, and it would be sufficient to achieve the sentencing considerations set forth in 18 U.S.C. § 3553(a)(2). The defendant, by his own admissions, used the identity of another to obtain a passport in 1991 in order to evade detection and avoid the consequences of a criminal action pending against him in this district. He renewed his fraudulently obtained passport in 2001 and 2011, repeating the evasion.

The United States reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(h), (i)(1)(c).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 21st day of February, 2017.

                                        RICHARD S. HARTUNIAN
                                      United States Attorney

By:   *s/ Solomon B. Shinerock*
       Solomon B. Shinerock
       Assistant United States Attorney
       Bar Roll No. 519207

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 21, 2017, I caused the foregoing memorandum to be electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel of record for the defendant.

      *s/ Solomon Shinerock*